EXHIBIT A



**SUMMONS**

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**MELISSA JOHNSON
AND
JOHN JOHNSON**

                                    **PLAINTIFF(S),**

**VS.**                                **CIVIL ACTION NO.  21-C-87**

**EURO SUITE, LLC**

                                    **DEFENDANT(S).**

To the above-name Defendants:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve **RONALD W. ZAVOLTA, PAUL J. RADCLIFFE, AND MICHAEL P. ZAVOLTA** whose address is **1287 FAIRMONT PIKE ROAD, WHEELING WV  26003** an answer including any related counterclaim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **20** days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled action.

DATED:  **March 19, 2021**

*Jean Friend*

JEAN FRIEND, CLERK
MONONGALIA CO. CIRCUIT COURT

BY *Susan Trowbridge*
       DEPUTY CLERK

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
### In the Circuit Court of Monongalia County, West Virginia

**I. CASE STYLED:** Melissa Johnson and John Johnson v. Euro Suites, LLC.

**Plaintiffs:**                                       Civil Action No. _21-C-87_

                                                      Judge: _____

**Melissa Johnson**
P.O. Box 627
Barton, OH 43905

**John Johnson**
P.O. Box 627
Barton, OH 43905

vs.

| **Defendant:** | **Days to Answer** | **Type of Service** |
|---|---|---|
| **Euro Suites, LLC**<br>c/o Gregg Lorenze<br>735-A Chesnut Road<br>Morgantown, WV 26505 | **20** | **Certified Mail** |

Original and 2 copies of the Complaint are furnished herein.

| **PLAINTIFFS: Melissa Johnson & John Johnson**<br>**DEFENDANT: Euro Suites, LLC** | Civil Action Number: |
|---|---|

## II.  TYPE OF CASE:

| | | |
|---|---|---|
| ■ General Civil | ☐ Adoption | ☐ Malpractice |
| ☐ Mass Litigation (as defined in TCR Rule XIX(c)) | ☐ Administrative Agency Appeal | ■ Personal Injury |
| ☐ Asbestos | ☐ Civil Appeal from Magistrate Court | ☐ Product Liability |
| ☐ Carpal Tunnel | ☐ Miscellaneous Civil | ☐ Auto |

1

| Syndrome | | |
|---|---|---|
| ☐ Silicone Implants | ☐ Mental Hygiene | ☐ Contract |
| ☐ Industrial Hearing Loss | ☐ Guardianship | ☐ Real Property |
| ☐ Diet Drugs | ☐ Modification/Magistrate Rules | ☐ Habeas Corpus/Other Extraordinary Writ |
| ☐ Note/Payments of Debt | ☐ Commercial Credit | ☐ Other - Insurance/Unfair Claims Settlement Practices |

**III. JURY DEMAND:**                    ■ Yes ☐ No
CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): unknown

**IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY?**   ☐ Yes ■ No
If yes, please specify:
    ☐ Wheelchair accessible hearing room and other facilities
    ☐ Interpreter or other auxiliary aid for the hearing impaired
    ☐ reader or other auxiliary aid for the visually impaired
    ☐ spokesperson or other auxiliary aid for the speech impaired
    ☐ Other:

Attorney:     Ronald W. Zavolta (WV No. 8739)          Representing:
             Paul J. Ratcliffe (WV No. 13453)
             Michael P. Zavolta (WV No. 13871)      ■ Plaintiffs
Firm:          **Zavolta Law Offices**                         ☐ Defendant
Address:     1287 Fairmont Pike Road, Wheeling, WV 26003 ☐ Cross-Complainant
Telephone: (304) 905-8073                                  ☐ Cross-Defendant
Dated:        March 18, 2021                                ☐ Proceeding without an
                                             attorney

Signature:

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**MELISSA JOHNSON and**
**JOHN JOHNSON,**

   Plaintiffs,

v.          Civil Action No. _21-C-87_

**EURO SUITES, LLC,**     Judge: _____

   Defendants.

---

### COMPLAINT

---

  **NOW COMES** the Plaintiffs, Melissa Johnson and John Johnson, by and
through counsel, Zavolta Law Office, and for their cause of action against the
Defendant, Euro Suites, LLC, states and alleges, as follows to-wit:

### GENERAL ALLEGATIONS, JURISDICTION, AND VENUE

  1.  Plaintiff Melissa Johnson is an adult individual and resident of P.O. Box
627, Barton, Ohio 43905.

  2.  Plaintiff John Johnson, Plaintiff Melissa Johnson's husband, is an adult
individual and resident of P.O. Box 627, Barton, Ohio 43905.

  3.  Based upon available information and belief, Defendant Euro Suites,
LLC, (hereinafter referred to as "Euro Suites") is a domestic corporation incorporated
under the laws of the State of West Virginia, is licensed to conduct business in the
State of West Virginia, and is thereby subject to the laws, benefits, privileges, and
protections of the State of West Virginia.

  4.  Defendant Euro Suites, at all times material and relevant herein,
actively conducts and operates a hotel / lodging facility located at 501 Chestnut
Ridge Road, Morgantown, WV 26505, and according to the hotel website, its'

personal mission is to showcase the warm hospitality of the mountain state, while ensuring travel comfort in a spacious two room suite.

5.      Based upon available information and belief, Defendant Euro Suites designates with the West Virginia Secretary of State a Notice of Process address of c/o Gregg Lorenze, 735-A Chestnut Road, Morgantown, WV 26505.

6.      At all times material and relevant herein, on or about March 30, 2019, at Defendant's property, more specifically, Room 105 in the Euro Suites hotel, Plaintiffs Melissa and John Johnson, non-trespassers, guests, licensees, and or invitees, were without comparative negligence, and or any other wrongful conduct, and were using, at all times material and relevant herein, ordinary and reasonable care.

7.      Defendant Euro Suites owed all guests, non-trespassers, licensees, and or invitees, more specifically, Plaintiffs Melissa and John Johnson a duty to maintain all rooms and or suites in a safe, clean, and customary manner suitable for anticipated use, enjoyment, and or purchase.

## COUNT I - NEGLIGENCE

8.      Plaintiffs incorporate by reference all paragraphs of this Complaint as if fully restated herein.

9.      On or about March 30, 2019, Plaintiffs Melissa and John Johnson were non-trespassers, guests, licensees, and or invitees, and had paid valuable consideration to rent / purchase a hotel room at Defendant Euro Suites in anticipation for their granddaughter's birth at Ruby Memorial Hospital / WVU Medicine in Morgantown, West Virginia.

10.      On or about the morning of March, 30, 2019, Plaintiff Melissa Johnson, having been assigned Room 105, took a shower in the bathtub of Room 105 at

Defendant Euro Suites. As Plaintiff Johnson was exiting the shower / tub, and after she had dried off while inside the shower / tub, she was caused to horrifically slip and fall on an improperly cleaned, unmaintained, disrepaired, unsafe, dangerous, and or improperly sanitized floor bathroom floor of the Room 105 restroom, causing severe and life-altering injuries which will be hereinafter set forth.

11.   Prior to taking said shower on March 30, 2019, Plaintiff Melissa Johnson had placed a towel down on said floor to absorb / remove any excess water from her feet, so that she would not slip and fall from any aforementioned water being on the surface of the Room 105-bathroom floor.

12.   Plaintiff was the first and only person on the morning of March 30, 2019 to utilize the shower / tub and bathroom floor file surface in Room 105 at Defendant Euro Suites.

13.   At all times material and relevant herein, Defendant Euro Suites and or its agents, employees, and or representatives exercised possession, management, ownership, and/or control of the aforementioned Room 105 restroom / bathroom, more specifically the floor tile walkway surface of the same which was unmaintained in a dangerous, hazardous, and unsafe condition.

14.   At all times material and relevant herein, Defendant Euro Suites and or its agents, employees, and or representatives were responsible for the maintenance, inspection, monitoring, upkeep, floor towel water absorber, and care of said restroom floor surface in Room 105.

15.   On or about March 30, 2019, Plaintiff Melissa Johnson while lawfully on Defendant Euro Suite's property in Morgantown, Monongalia County, West Virginia, was caused to violently slip and fall on the aforementioned unmaintained/unsafe

floor tile surface with such great force as to cause her serious and injuries, damages, and losses as hereinafter set forth.

16.     Defendant Euro Suites, by and through their employees, agents, and/or representatives in exercising possession, ownership, management and/or control of said property and restroom floor premises and towel water absorber, owed a duty to exercise reasonable care for the safety of Plaintiff Melissa Johnson, a non-trespasser, who was lawfully on the aforesaid property and following the terms and conditions of the purchase / rental of her hotel room, more specifically Room 105.

17.     Defendant Euro Suites owed a duty to inspect, monitor, make safe, remedy, repair, manage, operate, and/or maintain all areas of said property more specifically the said hazardous restroom floor surface area and towel water absorber, and to warn Plaintiff Melissa Johnson, a non-trespasser, of the hazardous, defective, dangerous, and unsafe conditions that Defendant and/or its' agents or employees had actual and/or constructive notice and knowledge thereof.

18.     Any and all acts and/or omissions of Defendant Euro Suites and/or its' employees, agents, and/or independent contractors were within the active course and scope of their work and employment relationship with Defendant.

19.     That on or about March 30, 2019, Defendant Euro Suites and/or its' employees, agents, and/or representatives carelessly, and negligently failed to exercise its' duty of reasonable care for the safety of Plaintiff Melissa Johnson, a non-trespasser, thereby causing her to sustain life altering serious slip and fall injuries as a direct and proximate result of the negligent, hazardous, dangerous, unsafe, and defective condition of the said restroom / bathroom floor surface and towel water absorber of Defendant Euro Suite's hotel / suite Room 105.

20.     Said hazardous restroom / bathroom floor surface of Room 105 and towel water absorber was within Defendant Euro Suite's property, was negligently, carelessly, and improperly maintained, inspected, repaired, cleaned, and/or monitored by Defendant Euro Suites, thereby directly and proximately causing Plaintiff Melissa Johnson to sustain a violent and serious trip and fall injury ultimately causing her to sustain the hereafter set forth injuries, damages, and losses.

21.     At all times material and relevant, Defendant Euro Suites carelessly failed to take precautions and/or affirmative steps to protect non-trespassers, more specifically Plaintiff Melissa Johnson, from known and reasonably anticipated injuries and damages which may be inflicted upon her while she was a non-trespasser lawfully upon the property and premises.

22.     Defendant Euro Suites had actual knowledge and or notice and constructive knowledge and/or notice of the existence of the said dangerous, hazardous, defective, and unsafe conditions created by their grossly insufficient, inadequately maintained, defective, and/or negligently and improperly maintained, inspected, and or repaired bathroom / restroom floor surface and towel water absorber of Room 105.

23.     Defendant Euro Suites owed a duty to keep the bathroom / restroom floor surface and towel water absorber of Room 105 in a reasonably safe condition and inspect and warn of unreasonably hazardous, unsafe, defective and dangerous conditions that it and its employees, agents, and/or independent contractors had actual knowledge, constructive and/or notice there of constructive knowledge and notice.  Plaintiff Melissa Johnson was making at all times lawful and anticipated use of the property as is normal, expected, and intended.  Further, it was an should have been foreseeable to Defendant Euro Suites that the harm suffered by Plaintiff

Melissa Johnson would result when Defendant failed to exercise reasonable care that an ordinary owner, or occupier of real property in Defendant Euro Suite's position, knowing what it knew or should have known, would exercise and Defendant Euro Suites failed to anticipate that the harm of the general nature of that suffered by Plaintiff Melissa Johnson was likely to result; and the magnitude of the burden on Defendant Euro Suites to prevent the aforesaid incident in question was minimal.

24.     On or about March 30, 2019, Defendant Euro Suites negligently, and carelessly breached its duty owed to Plaintiff Melissa Johnson by failing to warn, failing to monitor, failing to maintain, failing to inspect, failing to remedy, failing to sufficiently supervise/control, failing to secure, failing to make safe, and failing to remedy the unsafe, defective, and dangerous condition of the restroom / bathroom floor surface and its bathroom shower accessories in Room 105 which created a dangerous, defective, hazardous, inadequate, and unsafe condition for the occupiers, invitees, non-trespassers, guests, and or licensees, more specifically Plaintiff Melissa Johnson

25.     On or about March 30, 2019, and prior thereto, Defendant Euro Suites and/or its' employees, agents, or independent contractors were negligent, and careless toward Plaintiff Melissa Johnson, in one or more of the following areas in the maintenance, inspection, up-keep, repair, monitoring, cleaning, and care of the property and premises, more specifically the restroom / bathroom floor surface and bathroom shower accessories of Room 105 and or other acts or omissions.

     a.    Failing to warn, advise, or alert Plaintiff Melissa Johnson, a non-trespasser of the dangerous, unsafe, defective, and hazardous conditions of the property, more specifically the restroom / bathroom floor surface area of Room 105;

b.  Failing to exercise reasonable care to properly inspect, repair, maintain, and monitor the said property and bathroom / restroom floor premises of Room 105;

c.  Failing to exercise ordinary care to keep and maintain the walkway surface within its property in reasonably safe condition;

d.  Failing to exercise ordinary care and reasonable care in the inspection, maintenance, up-keep, and care of the restroom / bathroom floor surface of Room 105.

e.  Failing to adequately supervise, monitor, educate, test, train, and examine persons who were entrusted with the care, repair, inspection, and maintenance of the said property, more specifically the restroom / bathroom floor surface of Room 105.

f.  Permitting the restroom / bathroom floor surface of Room 105 to be out of repair, un-maintained, dangerous, and unsafe;

g.  Failing to repair and remedy an unreasonably dangerous, unsafe, hazardous and defective unsafe condition;

h.  Failing to abate, repair, remove, clean up, and/or warn of the unreasonably dangerous, hazardous, unsafe, and defective conditions after having actual and/or constructive notice and knowledge of the same;

i.  Failing to implement proper safety protocol;

j.  Failing to keep and maintain the restroom / bathroom floor surface and required accessories of Room 105 safe and passable and free from unreasonably dangerous, hazardous, unsafe, and defective conditions; and

k.      Other acts and omissions.

26.     Defendant Euro Suites negligently created and/or negligently maintained and/or monitored the defective, unsafe, extremely dangerous and hazardous condition of the property and prior thereto in such a manner that it was a nuisance.

27.     Defendant Euro Suites failed to abate and repair the aforesaid nuisance and unreasonably dangerous, defective, hazardous, and unsafe conditions despite actual and/or constructive notice and knowledge of the same and when said nuisance and conditions were created and/or maintained, Defendant Euro Suites knew or should have known that harm to Plaintiff Melissa Johnson was substantially certain to follow.

28.     As a direct and proximate result of the carelessness, negligence, and violations of the law by Defendant Euro Suites as aforesaid, Plaintiff Melissa Johnson was injured and damaged as hereinafter set forth.

29.     As a direct and proximate result of carelessness, negligence, and violations of the law by Defendant Euro Suites as aforesaid, Plaintiff Melissa Johnson was caused to be injured to the following, but not limited to, areas of her body: her head, neck, back, **fractured lumbar vertebrae**, wrist, forearm, hand, extremities including her knees and legs, body chemistry, psyche, muscle tissues, tendons, fascia, and other body parts and injuries, both internally and externally, and inasmuch as all or part of her injuries are permanent and lasting in nature, she has and will in the future suffer great pain and suffering of body and mind.

30.     As a further direct and proximate result of the carelessness, negligence, and violations of the law by Defendant Euro Suites as aforesaid, Plaintiff Melissa Johnson has been caused to incur divers and sundry hospital and medical

expenses for medical care and attention to date in an amount as yet undetermined, and inasmuch as all or part of Plaintiff Melissa Johnson's injuries are permanent and lasting in nature, she has and will in the future suffer divers and sundry expenses for medical care and attention in an effort to treat and effect a cure for her injuries; Plaintiff has suffered a diminution in her ability and capacity to care for herself and enjoy a normal life and other injuries and damages; and all of which will continue into the future.

31.     As a further direct and proximate result of the carelessness, negligence, and violations of the law by Defendant Euro Suites as aforesaid, Plaintiff Melissa Johnson has been prevented from carrying out the duties and responsibilities of her life and perform household services; in an undetermined amount and additionally has suffered past loss wages and lost earning capacity/future earning capacity, and she will continue to lose wages in the future, and she has suffered a diminution in her ability, capacity to work, earn money, and enjoy a normal life; is prevented from carrying out the duties and responsibilities of her life; she continues to suffer great pain of body and mind; has been prevented from leading her life socially and recreationally as she had prior to this incident and has suffered a diminution in the ability and capacity to care for herself; Plaintiff Melissa Johnson's permanent injuries affect her ability to enjoy the ordinary functions of life, together with the capacity to function as a whole person; and other losses and damages.

## COUNT II - LOSS OF CONSORTIUM – JOHN JOHNSON

32.     Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint as if fully restated herein.

33.     As a further direct and proximate result of recklessness, carelessness, negligence, and violations of the law by the Defendant as aforesaid, Plaintiff John Johnson has lost the consortium of his wife, Plaintiff Melissa Johnson, inasmuch as the injuries to Plaintiff Melissa Johnson are permanent and lasting in nature, Plaintiff John Johnson will continue in the future to be deprived of the consortium and services of his wife, Plaintiff Melissa Johnson.

**WHEREFORE**, Plaintiffs Melissa Johnson and John Johnson demand judgment against the Defendant Euro Suites, LLC, in an amount in excess of the minimum jurisdictional limits as compensatory damages, plus pre and post-judgement interest and costs and such further relief as a court or jury may find; and Plaintiffs further demand interest and costs incurred in and about the prosecution of this action and for such other relief as a court or jury may find. The minimum jurisdictional amount for filing this action has been satisfied.

<u>**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.**</u>

Respectfully submitted,

Plaintiffs, et. al.

By:

*Plaintiffs' Counsel*
Ronald W. Zavolta (W.Va. ID #8739)
Paul J. Ratcliffe (W.Va. ID #13453)
Michael P. Zavolta (W.Va. ID #13871)
**ZAVOLTA LAW OFFICE**
1287 Fairmont Pike Road
Wheeling, WV 26003
Telephone: (304) 905-8073
Facsimile: (304) 905-8992
Email: Paul@ZavoltaLaw.net

EXHIBIT A

# IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

Melissa Johnson and John
Johnson

                Plaintiffs,

vs.

Euro Suite, LLC,

                Defendant

CIVIL ACTION NO. 21-C-87

**ANSWER AND AFFIRMATIVE
DEFENSES**

Filed on Behalf of the Defendant,
Euro Suite, LLC

Counsel of Record for This Party:

TRISHA A. GILL ESQUIRE
WV I.D. # 12463

CHRISTOPHER M. MORELAND, ESQUIRE
WV I.D. # 11648

LITCHFIELD CAVO LLP
Two Gateway Center
603 Stanwix Street, 10th Floor
Pittsburgh, PA  15222

(412) 291-8242

**JURY TRIAL DEMANDED**

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

Melissa Johnson and John
Johnson                                          CIVIL ACTION NO. 21-C-87

                Plaintiffs,

vs.

Euro Suite, LLC,

               Defendant

### ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes the Defendant, Euro Suite, LLC, (hereinafter "Defendant") by and through its counsel Trisha A. Gill, Esquire, Christopher M. Moreland and Litchfield Cavo, LLP and files the following Answer and Affirmative Defenses to Complaint:

### I. ANSWER

1. Paragraph 1 of Plaintiffs' Complaint is admitted.

2. Paragraph 2 of Plaintiffs' Complaint is admitted.

3. Paragraph 3 of Plaintiffs' Complaint is admitted.

4. Paragraph 4 of Plaintiffs' Complaint is admitted.

5. Paragraph 5 of Plaintiffs' Complaint is admitted.

6. Paragraph 6 of Plaintiffs' Complaint is denied as stated. It is admitted only that Plaintiffs stayed in the Defendant's property on the date listed. The remainder of the allegations are denied as legal conclusions and thus, strict proof thereof is demanded.

2

7.      Paragraph 7 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed necessary, said averments are denied and strict proof thereof is demanded.

### Count I – NEGLIGENCE

8.      Paragraph 7 of Plaintiffs' Complaint is an incorporation paragraph and requires no response.

9-10.   Paragraphs 9-10 of Plaintiffs' Complaint state legal conclusions to which no responses are required.  To the extent responses are deemed necessary, said averments are denied pursuant to West Virginia Rule of Civil Procedure 8(b)5.  After reasonable investigation this Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of said averment and therefore said averments are denied and strict proof thereof is demanded.

11-12.  Paragraphs 11-12 of Plaintiffs' Complaint are denied to pursuant F.R.C.P. 8(b)5. After reasonable investigation this Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of said averments and therefore said averments are denied and strict proof thereof is demanded.

13-15.  Paragraphs 13-15 of Plaintiffs' Complaint state legal conclusions to which no responses are required.  To the extent responses are deemed necessary, said averments are denied pursuant to West Virginia Rule of Civil Procedure 8(b)5.  After reasonable investigation this Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of said averment and therefore said averments are denied and strict proof thereof is demanded.

16-31.  Paragraphs 16-31 of Plaintiffs' Complaint state legal conclusions to which no responses are required.  To the extent responses are deemed necessary, said averments are denied

pursuant to West Virginia Rule of Civil Procedure 8(b)5.  After reasonable investigation this Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of said averment and therefore said averments are denied and strict proof thereof is demanded.  By way of further answer, this Defendant incorporates its previous answers, hereinafter answers and affirmative defenses.

WHEREFORE, this Defendant denies that it is liable to the Plaintiffs in the sum demanded or any sum whatsoever and hereby requests this Honorable Court to enter judgment in its favor and against the Plaintiff with costs and prejudices imposed.

## Count II – LOSS OF CONSORTIUM – JOHN JOHNSON

32.     Paragraph 32 of Plaintiffs' Complaint is an incorporation paragraph and requires no response.

33.     Paragraph 33 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent a responses is deemed necessary, said averment is denied pursuant to West Virginia Rule of Civil Procedure 8(b)5.  After reasonable investigation this Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of said averment and therefore said averments are denied and strict proof thereof is demanded.

WHEREFORE, this Defendant denies that it is liable to the Plaintiffs in the sum demanded or any sum whatsoever and hereby requests this Honorable Court to enter judgment in its favor and against the Plaintiff with costs and prejudices imposed.

## II.  AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a cause of action for which relief can be granted.

4

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

This Defendant is not liable for any negligence or wrong doing that proximately caused in whole or in part the injuries and damages complained of and therefore is not liable to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

This Defendant invokes all affirmative defenses applicable herein and which may be developed during discovery including, without limitation, accord and satisfaction, assumption of the risk, contributory/comparative negligence, estoppel, release, res judicata, statute of limitations and waiver.  Further, this Defendant reserves the right to invoke additional defenses as discovery may disclose.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages were the result of causes over which this Defendant did not participate and had no control.

## SIXTH AFFIRMATIVE DEFENSE

The negligence of the Plaintiff-wife was equal to or greater than the negligence, if any, of all the parties to the incident alleged in the Complaint, and accordingly is barred from any recovery herein.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of injury.

### EIGHTH AFFIRMATIVE DEFENSE

Any and all injuries and damages claimed by the Plaintiff were caused or contributed to by superseding or intervening causes over which this Defendant did not participate.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs negligence or the negligence of some other person or entity was the primary cause of this accident and/or damages alleged in the Plaintiff's Complaint.

### TENTH AFFIRMATIVE DEFENSE

Defendant owed no duty to the Plaintiff pursuant to West Virginia Code 55-7-28 as the hazards that Plaintiffs complain were open, obvious and reasonably apparent.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant did not breach any duty to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

WHEREFORE, this Defendant denies that it is liable to the Plaintiffs in the sum demanded or any sum whatsoever and hereby requests this Honorable Court to enter judgment in its favor and against the Plaintiff with costs and prejudices imposed.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

LITCHFIELD CAVO LLP

By_____
Trisha A. Gill, Esquire
Christopher M. Moreland, Esquire

*Counsel for Defendant,* Euro Suite, LLC

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Answer and Affirmative Defenses** has been mailed by U.S. Mail to counsel of record via first class mail, postage pre-paid, this  21 day of April, 2021 as follows:

Ronald W. Zavolta, Esquire
Paul J. Ratcliffe, Esquire
Michael P. Zavolta, Esquire
Zavolta Law Offices
1287 Fairmont Pike road
Wheeling, WV 26003
Paul@ZavoltaLaw.net


*Counsel for Plaintiff*



Respectfully submitted,

LITCHFIELD CAVO LLP


By_____
Trisha A. Gill, Esquire
Christopher M. Moreland, Esquire

*Counsel for Defendant,* Euro Suite, LLC

8